HOLLON *v.* SAPP.

Improvements made upon the public lands of the United States, where the party making them is not in a situation to avail himself of the pre-emption laws, cannot form the object of a contract. The value of improvements so made cannot be recovered from a purchaser of the land from the United States; and, if possession of the land be retained from the latter by the person who made such improvements, damages will be allowed for the detention.

Art. 500 of the Civil Code is not applicable to materials used, nor labor expended, in making settlements on the national domain of the United States.

APPEAL from the District Court of Bossier, *Olcott*, J. *McGuire* and *Ray*, for the appellant. *Lawson*, for the defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff purchased from the United States certain quarter sections of land upon which the defendant was then living, and he has brought this action to recover the land so purchased. The defendant does not deny his title, nor does he pretend to have been in a situation to avail himself of the pre-emption laws of the United States; but he alleges that he improved the land in good faith, and asks a judgment in reconvention for the value of his improvements. The judgment was in favor of the plaintiff for the land, and further decreed that he should pay the defendant three hundred dollars for the improvements, before taking possession. From the latter part of the judgment the plaintiff has appealed.

This case does not differ in principle from that of *Jenkins* v. *Gibbon*, 3 An. 204, in which we held that improvements made upon the public lands, where the party making them is not in a situation to avail himself of the pre-emption laws, cannot form the subject of a contract. The counsel for the defendant controverts the correctness of that decision, and contends that, under article 500 of the Civil Code, the defendant is entitled to recover the value of the materials employed by him, and the cost of the workmanship, even if he were a possessor in bad faith. We are of opinion that this article of the Code is not applicable to materials used, and labor expended, in making settlements on the national domain.

When the State of Louisiana was admitted into the Union the people thereof forever disclaimed all right and title to the waste or unappropriated lands within its limits, and stipulated that the same should be, and remain as they were under the territorial government, at the sole and entire disposition of the United States, free from taxation by the State.

Under this treaty stipulation, the general government has continued to legislate for the preservation, settlement, and gradual alienation of those lands, as it

HOLLON
v.
SAPP.

did during the existence of the territory, and without opposition from the State. The legislation of Congress on this subject, so far as it is authorised by the treaty, is necessarily exclusive, and subject to no modification or control by local laws. No right can be acquired in relation to the public lands except under the authority of Congress.

The sale of the land in controversy to the plaintiff in this case, fixed the condition of the defendant as a trespasser, and left him without any claim which a court of justice can enforce.

We will allow the plaintiff fifty dollars damages, for the unjust detention of the land by the defendant.

It is therefore ordered that, the judgment in this case be reversed. It is further ordered that the plaintiff recover of the defendant, the south half of the south east quarter of section no. eight, in township no. eighteen, of range no. twelve; and the north east quarter of the north east quarter of section no. seventeen, in township no. eighteen, of range no. twelve. It is further ordered that the plaintiff recover of defendant fifty dollars damages, with the costs in both cases.